FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERONICA M. O/B/O OAS, a minor child,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | NO: 1:17-CV-3201-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART |

BEFORE THE COURT IS Defendant's Motion for Remand, ECF No. 19, and Plaintiff's Motion for Summary Judgment, ECF No. 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Justin L. Martin. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below the Court GRANTS Defendant's Motion for Remand, ECF No. 19, and GRANTS in part Plaintiff's Motion for Summary Judgment, ECF No. 12.

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 1

## JURISDICTION

Plaintiff's mother filed for supplemental security income ("SSI") on behalf of her minor child, OAS[1] ("Plaintiff"), on November 4, 2013, alleging an onset date of June 20, 2004. Tr. 217-20. Benefits were denied initially, Tr. 127-29, and upon reconsideration, Tr. 135-37. Plaintiff's mother appeared at a hearing before an administrative law judge (ALJ) on December 2, 2015, and at a second hearing before the same ALJ on July 20, 2016. Tr. 47-79, 83-101. On August 1, 2016, the ALJ denied Plaintiff's claim, Tr. 20-37, and on October 4, 2017, the Appeals Council denied review. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 2004, Tr. 217, and was therefore 11 years old at the time of the first hearing. He alleges disability due to epilepsy and a learning disorder. Tr. 244. In 2012, Plaintiff was determined to be eligible for special education services for a specific learning disability. Tr. 652-59. School records also indicate significant

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use the first name and last initial of Plaintiff's mother throughout this decision.

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 2

behavioral problems, resulting in many suspensions and an expulsion from school. Tr. 678, 694-95, 711-718. In May 2013, Plaintiff was diagnosed with epilepsy after suffering a seizure. Tr. 454, 490-92. His seizures are generally well-controlled with medication. Tr. 726-28.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111

(9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## THREE-STEP PROCESS FOR CHILDHOOD DISABILITY

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments." 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, she must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a).[2] The ALJ's functional equivalence assessment requires her to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

(1) Acquiring and using information:

(2) Attending and completing tasks;

(3) Interacting and relating with others;

(4) Moving about and manipulating objects;

(5) Caring for self; and

(6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitation in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a

---

[2] All references to 20 C.F.R. § 416.926a refer to the version of the regulation effective June 12, 2015 to October 6, 2016, which was the version in effect at the time of the ALJ's decision. Revisions to Rules Regarding the Evaluation of Medical Evidence, 81 Fed. Reg. 37153 (June 9, 2016).

person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 4, 2013, the application date. Tr. 24. At step two, the ALJ found Plaintiff has the following severe impairments: seizure disorder, conduct disorder, attention deficit-hyperactivity disorder, and specific learning disorder (impairment in reading). Tr. 24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 25. The ALJ then found Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings. Tr. 26. Thus, the ALJ concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since November 4, 2013, the date the application was filed. Tr. 36.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raised the following issues for review:

1. Whether the ALJ erred in finding that Plaintiff's behavioral problems are not attributable to a mental disorder;

2. Whether the ALJ erred in finding that Plaintiff did not have a marked limitation in the domain of acquiring and using information; and

3. Whether the ALJ failed to fully and fairly develop the medical record. ECF No. 12 at 1.

**DISCUSSION**

Defendant concedes the ALJ should have evaluated Plaintiff's conduct disorder under Listing 112.08 for personality and impulse-control disorders as a "closely analogous listed impairment." ECF No. 19 at 6 (citing 20 C.F.R. § 416.926). Defendant also concedes that the ALJ should reconsider whether a consultative psychiatric evaluation is necessary to evaluate Plaintiff's functional limitations. ECF No. 19 at 8. After reviewing the record, the Court concludes that remand is appropriate based on the errors conceded by Defendant. On reply, Plaintiff contends that remand for an immediate award of benefits is justified and no reconsideration of the evidence is necessary. ECF No. 20 at 1-2.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health and Human*

*Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1041. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Plaintiff requests remand for an immediate award of benefits from November 4, 2013 to September 29, 2016, based on the favorable outcome of Plaintiff's second application for SSI dated September 30, 2016. ECF No. 20 at 1. On January 12, 2018, Plaintiff was awarded SSI benefits retroactive to September 30, 2016. ECF No. 21-1 at 3. Plaintiff asserts there is "overwhelming evidence" of disability, including evidence of behavior problems so severe that he was expelled from school, and evidence of poor academic achievement, as well as the January 2018 disability finding. ECF No. 20 at 3. However, the Court concludes it is not clear that the record dictates a disability finding because of the deficiencies in the record conceded by Defendant. The record is not fully developed. Given the insufficiency of the ALJ's findings and the medical expert's testimony with regard to Listing 112.08 and the

severe impairment of conduct disorder, the Court does not find clear evidence of disability based on the record.

With regard to the later disability determination, the Court has no information about the basis for the January 2018 disability finding or whether additional evidence was received. The fact that a later favorable disability determination was made does not necessarily compel a disability finding on the record before the Court. Thus, remand for further proceedings is the appropriate remedy. *See Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010) ("There was only one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application, but she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change. Given this uncertainty, remand for further factual proceedings was an appropriate remedy.")

On remand, Plaintiff suggests the ALJ is required to obtain a psychiatric evaluation, ECF No. 12 at 18-19, while Defendant requests that a psychiatric evaluation be obtained "if possible." ECF No. 19 at 12. "One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, *i.e.,* 'a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense.' " *Reed v. Massanari,* 270 F.3d 838, 841 (9th Cir.2001) (quoting 20 C.F.R. § 416.919). At the first hearing, Dr. Grossman testified that the results of a psychiatric evaluation "would be relevant

information that I would be glad to look at and it may be helpful." Tr. 67. At the end of the hearing, the ALJ said he would request a psychiatric evaluation at the agency's expense. Tr. 77. In the decision, the ALJ reported:

> Considerable effort was made to schedule a consultative psychiatric evaluation, but due to a cancellation by the psychiatrist, followed by a cancellation by the claimant due to a house fire, and finally, the previously scheduled consultative psychiatrist terminated his contract with the Agency. There was no other psychiatrist available in the area, so a consultative psychological evaluation was conducted. Exhibit (Ex.) 20F [Tr. 752-57]. The claimant's representative has requested another consultative evaluation, but I do not find that warranted. Whether to send the claimant for a consultative evaluation is within the discretion of the Administrative Law Judge. [20 C.F.R. §] 416.917; HALLEX I-2-5-20. In the present case, I find that the record has been sufficiently developed that an additional consultative psychiatric evaluation is not necessary.

Tr. 21. Thus, the failure to supplement the record with a psychiatric evaluation was caused by factors outside of the ALJ's control.[3] Notwithstanding, the same issues remain undeveloped in the record, despite the ALJ's assertion to the contrary. Therefore, on remand, the ALJ is directed to obtain a consultative psychiatric examination.

---

[3] The responsibility for the consultative examination process rests not with the SSA but with cooperating State agencies. 20 C.F.R. §416.919s(a). The State agencies are responsible for recruiting qualified physicians to perform consultative examinations. 20 C.F.R. § 416.919s(f)(1).

ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART ~ 10

Lastly, Plaintiff requests the Court limit the ALJ's reconsideration "to any date prior to September 30, 2016." ECF No. 20 at 5. Defendant notes the regulations provide that a disability determination may be reopened "for any reason" within 12 months of the decision, or for "good cause" within 24 months of the decision, suggesting the January 2018 case could be reopened by the ALJ on remand of this matter. ECF No. 19 at 11; 20 C.F.R. § 416.488(a). Plaintiff cites no authority justifying the request to limit the ALJ's reconsideration to the period before September 30, 2106, asserting only that a reopening and reversal of the January 2018 determination would result in Plaintiff owing a sizeable repayment for benefits already received, and that nothing in the ALJ's July 2016 adjudication suggests an error was made in the January 2018 determination of disability. ECF No. 20 at 1, 5. The Court finds no basis to make a conclusion about any error or lack of error in the January 2018 disability determination, and no basis to disturb the procedures set forth in the regulations on remand.

**CONCLUSION**

After reviewing the record and the ALJ's findings, the Court concludes that the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The matter must be remanded for reconsideration. On remand, the ALJ should conduct a new hearing and (1) reevaluate the severity of all of Plaintiff's mental impairments, including consideration of Plaintiff's conduct disorder and Listing 112.08, and any other applicable listing; (2) obtain a psychiatric consultative

examination; and (3) give further consideration to whether Plaintiff functionally equals a Listing by reevaluating the evidence in the record and articulating the weight given to the relevant medical opinions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment Requesting Remand, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12** is **GRANTED in part**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

4. An application for attorney fees may be made by separate motion.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** November 30, 2018.

      *s/ Rosanna Malouf Peterson*
      ROSANNA MALOUF PETERSON
      United States District Judge